DLD-223                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 10-2397

_____

IN RE: MARK GREEN,
                                    Petitioner

_____

On Petition for a Writ of Mandamus from the
United States District Court for the
Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 08-cr-00044-001)

_____

Submitted Under Rule 21, Fed. R. App. P.
June 17, 2010

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges

(Filed: June 29, 2010)

_____

OPINION

_____

PER CURIAM.

Mark Green has filed a petition for a writ of mandamus asking this Court to order

recusal of the District Judge presiding over his pending criminal proceeding.  We will

deny the mandamus petition.

Green was arrested in December 2007 and indicted in the United States District

Court for the Eastern District of Pennsylvania in January 2008 on five counts, including

access device conspiracy under 18 U.S.C. § 1029(b)(2). On November 4, 2009, after a trial at which Green elected to proceed pro se with standby counsel, a jury convicted Green on four of the five counts. Green thereafter requested, and the District Court appointed, new counsel, who filed an omnibus post-verdict motion in April 2010 and moved for Green's release pending sentencing and appeal. The District Court denied the motion for release, see Docket # 117, and it has yet to conduct a sentencing hearing.

On June 9, 2010, Green filed a pro se "emergency motion for recusal," the substance of which mirrors his present mandamus request. The District Court denied the recusal motion, explaining that it would not consider the pro se motion because Green is currently represented by counsel.

Green now petitions for recusal via mandamus, alleging that the District Court's rulings throughout the case have displayed "both deep seated favoritism for the Government and antagonism for Petitioner." Ptn. at ¶ 4. In particular, Green offers a litany of challenges to the District Court's actions, including the following: (1) the District Court adopted the government's position in denying pre-trial bail "without any showing of proof;" (2) the District Court made "uncalled for" statements regarding Green's prior time in prison and his knowledge of the law; (3) the District Court displayed bias by allowing the government to introduce evidence that it turned over on the day of trial, and erred in holding that a warrant used to obtain that evidence was valid; (4) the District Court referred to Green's decision to proceed pro se as "foolish and unwise,"

and erred in denying Green's pro se pre-trial motions; (5) the District Court "told [Green] that if he waives his right to counsel now, he does so forever," and had "ex parte communications with the [AUSA] and without defendant;" (6) the District Court "barred" Green from side-bar conversations during voir dire; (7) the District Court "refused to allow [Green] to pick his own jury, but instead allowed standby counsel and the Court to pick the jury;" (8) the District Court interrupted Green's opening statement and erred in its instructions to the jury; (9) the District Court "confused" and "frustrated" Green as he questioned various witnesses; (10) the District Court displayed bias in its handling of the jurors; and (11) the District Court repeatedly displayed antagonism, and denied a fair trial, through its exercise of control over the proceedings. See Ptn. at ¶¶ 7-38.[1] Green asks that the District Judge be recused and the matter reassigned to a different judge.[2]

Issuance of a writ of mandamus is appropriate in extraordinary circumstances only. Kerr v. United States Dist. Ct., 426 U.S. 394, 403 (1976). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct.

---

[1] Green further contends that the District Court lacks power to adjudicate the case because the indictment is "jurisdictionally defective," and that the District Court acted beyond its authority when it denied a motion to dismiss based on an alleged speedy trial violation. Ptn. at ¶¶ 47, 49.

[2] Green also asks that we "reverse the conviction ... and all pre-trial orders." Ptn. at Concluding Paragraph.

705, 710 (2010) (per curiam) (quotation marks and punctuation omitted). We have recognized that "[m]andamus is a proper means for this court to review a district court judge's refusal to recuse from a case pursuant to 28 U.S.C. § 455(a), where the judge's impartiality might reasonably be questioned." Alexander v. Primerica Holdings, 10 F.3d 155, 163 (3d Cir. 1993). It is well settled, however, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," Liteky v. United States, 510 U.S. 540, 555 (1994), and mandamus is not a substitute for pursing a challenge to adverse rulings through appellate review after entry of a final judgment. See Cheney v. U.S. Dist. Ct., 542 U.S. 367, 380-81 (2004).

Having carefully reviewed Green's petition and its attached exhibits, we conclude that his complaints about the course of proceedings do not suffice to warrant mandamus relief for judicial bias or partiality. The bulk of Green's challenge is to rulings made before and at trial, none of which clearly reflects "a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555. Further, although Green sees evidence of bias in certain of the District Court's comments regarding his decision to proceed pro se, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Id. The evidence here simply does not support a clear and indisputable right to mandamus relief. Insofar as Green asks that we overturn his conviction and all pre-trial orders, that relief is more properly sought on appeal after

4

entry of a final judgment, not in this mandamus proceeding.

For these reasons, we will deny the petition for a writ of mandamus.[3]  Green's

motion for a stay of proceedings pending our mandamus review is denied.

---

[3] Green's motion to proceed in forma pauperis in this mandamus proceeding is granted, as he has made the requisite showing of indigence.  We note that Green has not sought "to evade the [Prison Litigation Reform Act ("PLRA")] by masking as a mandamus petition a paper otherwise subject to the Act," Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996), and thus the requirements of the PLRA will not be applied in the present proceeding.